[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 16, 2009
THOMAS K. KAHN
CLERK

No. 09-11849
Non-Argument Calendar

_____

D. C. Docket No. 08-80004-TP-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VINCENT S. NORMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 16, 2009)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Vincent S. Norman appeals his sentence of 24 months imprisonment

followed by three years of supervised release imposed upon revocation of his supervised release. Norman contends that the district court erred when it determined that he committed a Grade A violation of his supervised release because the court failed to determine the value of the property involved in his supervised release violation.

There are three grades of supervised release violations. United States Sentencing Guidelines Manual § 7B1.1(a) (Nov. 2000).[1] The grade of a supervised release violation, in conjunction with the defendant's criminal history category, determines the range of imprisonment applicable under the guidelines upon revocation of supervised release. U.S.S.G. § 7B1.4(a). Grade A violations, which are the most serious ones, include "any . . . federal, state, or local offense punishable by a term of imprisonment exceeding twenty years." U.S.S.G. § 7B1.1(a)(1)(B).

Florida law divides the offenses of grand theft and organized fraud into degrees based on the amount of property obtained. The degree of the crime controls the severity of the punishment. Under Florida law, if a person steals

---

[1] Norman's original sentence of supervised release was imposed under the 2000 guidelines. The district court did not specify which year's guidelines it used in imposing the sentence challenged in this appeal. Norman cites the 2007 guidelines in his brief to this Court. In any event, the provisions of the guidelines material to this appeal are the same in 2007 as they were in 2000.

property "valued at $100,000 or more," he commits "grand theft in the first degree." Fla. Stat. § 812.014(2)(a). Florida law provides for a maximum sentence of 30 years imprisonment for anyone convicted of grand theft in the first degree. Fla. Stat. § 775.082(3)(b). A person commits organized fraud in the first degree under Florida law when he "engages in a scheme to defraud and obtains property thereby . . . [i]f the amount of property obtained has an aggregate value of $50,000 or more." Fla. Stat. § 817.034(4)(a)(1). Like grand theft in the first degree, organized fraud in the first degree is punishable by a maximum term of 30 years in prison. Fla. Stat. § 775.082(3)(b). Both grand theft in the first degree and organized fraud in the first degree, as defined by Florida law, qualify as Grade A violations under the sentencing guidelines. See U.S.S.G. § 7B1.1(a)(1)(B).

"Pursuant to 18 U.S.C. § 3583(e), upon finding [by a preponderance of the evidence] that the defendant violated a condition of supervised release, a district court may revoke the term of supervised release and impose a term of imprisonment after considering the specific factors set forth in 18 U.S.C. § 3553(a)." United States v. Velasquez-Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008). The district court concluded that Norman committed a Grade A violation of his supervised release. This conclusion, when coupled with Norman's criminal history category I, resulted in a recommended guideline sentence of twelve to

3

eighteen months.  See Gall v. United States, 552 U.S. 38, 128 S. Ct. 586 (2007) ("[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range."); United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) (same).  The district court then considered factors laid out in 18 U.S.C. § 3553(a) before sentencing Norman to 24 months imprisonment followed by three years of supervised release.  See United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (after determining the appropriate range under the guidelines, a district court must consider factors listed in 18 U.S.C. § 3553(a) in imposing a reasonable sentence).

Norman contends that the district court erred when it found that he committed a Grade A violation of his supervised release without determining the value of the property involved in the violation.  He emphasizes that Florida law divides the crimes of grand theft and organized fraud into degrees, with each degree having a corresponding statutory maximum punishment, based on the value of the property involved in the crime.  He also notes that the grade of a supervised release violation depends on the length of imprisonment authorized to punish the crime constituting the violation.  According to Norman, this means that a court cannot determine the grade of a supervised release violation taking the form of Florida law grand theft or organized fraud without making a finding as to the

4

specific value of the property involved in the violation. Norman argues that the district court's failure to make such a finding requires that his sentence be vacated.

Norman leans heavily on the following statement made by the district court: "I will not today and do not today engage in a precise figure. It is very difficult to do that. But I am well satisfied that Norman was stealing money[] from the company." Norman places more weight on that statement than it can bear. By contrast, he gives no weight to the district court's statement that "[Norman's violation] is an A violation, the amount of moneys stolen well in excess of $100,000.00 and accordingly I am ready to impose a sentence in this regard." The district court's factual finding that the amount of money stolen by Norman totaled well in excess of $100,000 was not clearly erroneous. The record provides ample support for it. There is evidence of $212,941.96 in fraudulent online transactions alone. On top of that hefty sum, the record contains evidence that Norman forged checks on two different bank accounts in amounts totaling $59,283.46 and $13,487.21.

Based on its factual finding that Norman's violation involved well over $100,000 and therefore qualified as a felony in the first degree under Florida law, the district court concluded that Norman committed a Grade A violation and calculated the guidelines range accordingly. Because the factual findings

5

underlying its calculations are not clearly erroneous, the district court did not improperly calculate the applicable guidelines range. Norman's sentence is not procedurally unreasonable.  Because Norman's contention that his sentence is substantively unreasonable is based on his failed argument that the district court improperly determined that he committed a Grade A violation, it too fails. Accordingly, the judgment of the district court is

    **AFFIRMED.**